**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EXODUS HEBERT *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:24-cv-07950 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS; ILLINOIS | ) Magistrate Judge Beth W. Jantz |
| DEPARTMENT OF JUVENILE | ) |
| JUSTICE; and ILLINOIS STATE | ) |
| BOARD OF EDUCATION, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants Illinois Department of Corrections (IDOC), Illinois Department of Juvenile Justice (IDJJ), and Illinois State Board of Education (ISBE) move to dismiss Plaintiffs' Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). In support of this motion, Defendants state as follows:

1. Plaintiffs are 18-22 year olds in IDOC custody who have not received a high school diploma.

2. On behalf of themselves and a putative class, Plaintiffs allege that Defendants have denied them a free appropriate public education and other services in violation of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and provisions of the Illinois School Code, 105 ILCS 5/13-40, 105 ILCS 5/14-102.

3. The claims of named Plaintiffs E.H. and A.M. should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) because those claims are moot.

4. All other Plaintiffs' federal claims should be dismissed under Rule 12(b)(6) for failure to exhaust their administrative remedies as required by the IDEA, 20 U.S.C. § 1415(*l*), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

5. Plaintiffs' state law claims should be dismissed pursuant to Rules 12(b)(1) and (6) pursuant to Defendants' Eleventh Amendment immunity as explained by the Supreme Court in *Pennhurst State Sch. & Hosp. v. Halderman*, 405 U.S. 89, 105 (1984), and because Plaintiffs failed to state a claim under the School Code.

6. Many Plaintiffs' IDEA claims are barred by the statute of limitations.

7. Plaintiffs' claims against IDOC should be dismissed under Rule 12(b)(6) because Plaintiffs do not seek any relief IDOC can provide.

8. Plaintiffs' claims against ISBE should be dismissed under Rule 12(b)(6) for failure to state a claim.

9. In support, Defendants incorporate their Memorandum in Support filed with this motion.

Wherefore, Defendants respectfully request the Court to dismiss Plaintiffs' Complaint.

Dated: December 2, 2024

Respectfully submitted,

**Illinois Department of Juvenile Justice, Illinois Department of Corrections, and Illinois State Board of Education,** Defendants.

*/s/ Nicki B. Bazer*
One of Their Attorneys

Nicki B. Bazer (nbb@franczek.com)
Michael A. Warner, Jr. (maw@franczek.com)
John Swinney (js@franczek.com)

Special Assistant Attorneys General
Franczek P.C.
300 S. Wacker. St., Suite 3400
Chicago, IL 60606
(312) 986-0300

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS** to be filed with the Clerk of the Court using the CM ECF Filing System which will electronically serve copies upon all counsel of record on this 2nd day of December, 2024.

*/s/ Nicki B. Bazer*