**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EXODUS HEBERT, ANTONIO MONROE, DAMEN GONZALEZ, DELEON MOFFETT, GEORGE GARCIA, JEREMIAH BROWN, ISAIHA HERRING, THAILAN HOPKINS, SHIRICE HENDRIX, DARRION LONGSTREET, ANTWON TOMPKIN, IVAN JOHNSON, KEYSHAWN NICHOLS, JESSE GARZA, NYREE DUGANS, ANTJUAN DAVIS, AMARU EVANS, ROBERT "RAVEN" MELTON, QURAN BROOMFIELD, DASHEEM PICKENS, and DELCHEVA HARRIS, on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, ILLINOIS DEPARTMENT OF JUVENILE JUSTICE and ILLINOIS STATE BOARD OF EDUCATION,<br><br>                   Defendants. | Case No. 1:24-cv-07950-SLE<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Beth W. Jantz |

**JOINT STATUS REPORT REGARDING PROPOSED SCOPE OF THE PRELIMINARY INJUNCTION HEARING**

      Pursuant to the Court's December 19, 2024, Minute Entry (Dkt. 76), the Parties hereby respectfully submit the following Joint Status Report regarding the Parties' discussions on the scope of the preliminary injunction hearing.

I. **SCOPE OF PRELIMINARY INJUNCTION HEARING.**

The Parties met and conferred on January 9, 2025, regarding the scope of the preliminary injunction hearing but were unable to reach an agreement on whether the hearing should be evidentiary. The below sets forth the parties' respective positions on this issue.

**Plaintiffs' Position**: Plaintiffs maintain that the hearing should be evidentiary, based on their understanding of this Court's instruction on December 19, 2024, and because numerous factual issues germane to Plaintiffs' Motion for Preliminary Injunction (the "Motion") remain in dispute, as set forth in Section II, below.

**Defendants' Position**: Defendants maintain that an evidentiary Preliminary Injunction hearing is not needed. Defendants disagree with Plaintiffs' assertion that the Court instructed the parties that the preliminary injunction hearing was to be evidentiary. The Court and parties had no substantive discussions regarding whether a preliminary injunction hearing would involve the presentation of evidence prior to the status hearing held on December 19, 2024.

The parties have proceeded in a manner consistent with resolving the Motion on the evidence submitted. Neither party has conducted discovery in anticipation of the preliminary injunction hearing. There has been extensive briefing in this case, supported in the opening brief, in response, and in reply, by multiple sworn declarations and other evidentiary submissions. The witnesses and associated topics proposed by Plaintiffs confirm that live testimony would be duplicative of the extensive evidence that already has been submitted by both parties in the course of briefing.

## II. FACTUAL ISSUES IN DISPUTE

**Plaintiffs' Position**

Plaintiffs believe that the following factual issues remain in dispute, necessitating an evidentiary hearing on the Motion.

- A. **Disputed facts germane to Plaintiffs' likelihood of success on the merits:**
  - Whether the Illinois Department of Juvenile Justice ("IDJJ") and Illinois Department of Corrections ("IDOC") have developed and implemented policies and procedures to identify students who are eligible for special education and related services, and a high school education in IDOC;
  - Whether IDJJ and IDOC have developed and implemented policies and procedures to notify eligible students with disabilities of their educational rights under the Individuals with Disabilities Education Act;
  - Whether IDJJ and IDOC have developed and implemented policies and procedures to provide special education and related services and high school credit-bearing education to eligible students with disabilities in IDOC;
  - Whether the types of relief available to students with disabilities in IDOC's custody through administrative due process procedures constitute special education;
  - Whether IDOC and IDJJ have provided special education and related services to Named Plaintiffs Exodus Hebert and Antonio Monroe.
- B. **Disputed facts germane to likelihood of suffering irreparable harm:**
  - Whether Plaintiffs will be harmed by the delay in obtaining relief absent a preliminary injunction;

3

- Whether compensatory education is an adequate remedy for the delay in obtaining relief;

- Whether Defendants' current efforts to "expand the educational opportunities afforded to 18-21 year olds in IDOC custody" are sufficient to meet the educational needs of students with disabilities.

C. **Disputed facts germane to the balance of hardships:**

- Whether security concerns and other logistical factors preclude IDOC and IDJJ from providing special education and related services and high school credit-bearing education.

**Defendants' Position**

Defendants disagree that an evidentiary hearing is required. As set forth in Defendants' Response to Plaintiffs' Motion for Preliminary Injunction and Memorandum in support of their Motion to Dismiss, the dispositive factual and legal issues for purposes of Plaintiffs' Preliminary Injunction Motion are the following:

- Whether Plaintiffs Monroe's and Hebert's claims are moot,

- Whether the other Plaintiffs' claims are barred because they have failed to exhaust their administrative remedies, and

- Whether the Prison Litigation Reform Act (PLRA) prohibits the preliminary injunctive relief sought by Plaintiffs.

Defendants submit that the above issues can be resolved based on the present record, without further evidentiary hearing. The issues that Plaintiffs identify also have been amply addressed by the extensive sworn declarations and other evidentiary documentation submitted in conjunction with the preliminary injunction briefing.

4

## III. PROPOSED WITNESSES

**Plaintiffs' Proposed Witnesses**

| Witness Name | Relationship to the Parties | Nature of Expected Testimony |
|---|---|---|
| Michael Krezmien, Ph.D | Expert retained by Plaintiffs' counsel | Expected testimony will cover the following topics: (i) the importance and proper administration of effective identification and notification procedures for eligible students with disabilities; (ii) the importance and proper administration of special education and related services and high school credit-bearing education for eligible students with disabilities in correctional settings; (iii) educational and socioeconomic harms to students with disabilities resulting from educational deprivation; the feasibility of providing special education and related services and high school credit-bearing facilities in correctional facilities; and (iv) how IDOC and IDJJ can collaborate to implement such programming. |
| Robert Vickery | Acting Director of IDJJ | Expected testimony will cover the following topics: (i) IDJJ's current educational offerings for 18-21 year olds in IDOC's custody; (ii) whether IDJJ plans to develop and implement policies to identify and notify eligible students, and to provide them with special education and related services and a high school education; and (iii) IDJJ's implementation of due process orders for Named Plaintiffs Exodus Hebert and Antonio Monroe. |
| Dr. Tresa Dunbar | Superintendent of IDJJ School District # 428 | |
| Jennifer Parrack | Chief of Programs and Support Services at IDOC | Expected testimony will cover the following topics: (i) IDOC's current educational and vocational offerings for students with disabilities; (ii) whether IDOC is developing and implementing policies to identify and notify eligible students, and to provide them with special education and related services and a high school education; and (iii) the complexities and challenges of providing educational services in correctional settings. |

| Maria Miller | Manager of Office of Adult Education and Vocational Services at IDOC | Expected testimony will cover IDOC's current educational and vocational offerings for students with disabilities. |

**Defendants' Proposed Witnesses**: As explained above, Defendants do not believe that an evidentiary hearing is necessary. However, to the extent the Court determines an evidentiary hearing is needed, Defendants may call the following witnesses, each of whom may testify to the topics previously addressed in their declarations: Robert Vickery (Acting Director of IDJJ), and Jennifer Parrack (Chief of Programs and Support Services at IDOC). Defendants' position is that the testimony of Dr. Tresa Dunbar and Maria Miller would be duplicative, as reflected by Plaintiffs' own description of the topics they would address (which is exactly the same as the topics they would address with Mr. Vickery and Ms. Parrack).

Date: January 21, 2025 　　　　　　　　　　Respectfully submitted,

| | |
|---|---|
| */s/ Johanna Spellman* | *Nicki B. Bazer* (with consent) |
| Johanna Spellman (ARDC No. 6293851) | Nicki B. Bazer (nbb@franczek.com) |
| johanna.spellman@lw.com | Michael A. Warner, Jr. (maw@franczek.com) |
| Terra Reynolds (ARDC No. 6278858) | John Swinney (js@franczek.com) |
| terra.reynolds@lw.com | Special Assistant Attorneys General |
| Nicholas Hazen (ARDC No. 6341719) | Franczek P.C. |
| nicholas.hazen@lw.com | 300 S. Wacker. St., Suite 3400 |
| LATHAM & WATKINS LLP | Chicago, IL 60606 |
| 330 North Wabash Avenue, Suite 2800 | (312) 986-0300 |
| Chicago, Illinois 60611 | |
| Telephone: (312) 876-7700 | *Attorneys for Defendants* |
| Facsimile: (312) 993-9767 | |

Olga Pribyl (ARDC No. 6190672)
olga@equipforequality.org
Sujatha Jagadeesh Branch (Washington State Bar No. 51827)
sujatha@equipforequality.org
Rachel Shapiro (ARDC No. 6290735)
rachel@equipforequality.org
Alexandra Kuske (ARDC No. 6336210)
alexandra@equipforequality.org
Brianna Hill (ARDC No. 6336043)
brianna@equipforequality.org
EQUIP FOR EQUALITY
20 North Michigan Avenue, Suite 300
Chicago, Illinois 60602
Telephone: (312) 341-0022
Facsimile: (312) 800-0912

*Attorneys for Named Plaintiffs and class members*