# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EXODUS HEBERT, et al.,           )
                                    )
         Plaintiffs,         )
                                    )     No. 24 C 7950
       v.                 )
                                    )     Judge Sara L. Ellis
ILLINOIS DEPARTMENT OF JUVENILE  )
JUSTICE, et al.,                 )
                                    )
         Defendants.      )

## OPINION AND ORDER

Plaintiffs Exodus Hebert, Antonio Monroe, Damen Gonzales, Deleon Moffett, George Garcia, Jeremiah Brown, Isaiha Herring, Thailan Hopkins, Shirice Hendrix, Darrion Longstreet, Antwon Tompkin, Ivan Johnson, Keyshawn Nichols, Jesse Garza, Nyree Dugans, Antjuan Davis, Amaru Evans, Robert "Raven" Melton, Quran Broomfield, Dasheem Pickens, and Delcheva Harris (collectively, the "Named Plaintiffs") brought this lawsuit on behalf of themselves and others similarly situated (the "Putative Class"), alleging that the Illinois Department of Corrections ("IDOC"), Illinois Department of Juvenile Justice ("IDJJ"), and Illinois State Board of Education ("ISBE") (collectively, "Defendants") violated state and federal law by failing to provide and monitor adequate education to young people with disabilities in the custody of IDOC. The Named Plaintiffs have moved for a preliminary injunction to require Defendants to take several actions regarding their education programs. The Named Plaintiffs support their motion for a preliminary injunction with testimony and a declaration from an expert witness, Michael P. Krezmien. Defendants move to exclude Krezmien's declaration, opinions, and testimony. Because the Court finds that Krezmien's declaration is not so lacking in reliability or relevance that exclusion is warranted, the Court denies Defendants' motion.

However, the Court will not consider the portions of Krezmien's declaration that offer improper legal conclusions and bars Krezmien from testifying as to any such legal conclusions at the preliminary injunction hearing.

## BACKGROUND

Krezmien is a professor of special education at the University of Massachusetts, Amherst, with a Ph.D. in special education. He has written multiple articles on education for incarcerated young people and special education; worked on many different investigations, evaluations, and lawsuits related to youth education and special education; and received millions of dollars in grants and funding. In this case, the Named Plaintiffs asked Krezmien to provide an opinion on:

> (1) [T]he Illinois Department of Corrections (IDOC) and Illinois Department of Juvenile Justice (IDJJ) procedures for identifying individuals with disabilities who are eligible for special education, (2) the IDOC and IDJJ methods for notifying students of their special education eligibility, (3) the lack of special education and related services, and associated credit-bearing high school educational programming for individuals with disabilities within IDOC as implemented by the IDJJ, (4) the access individuals with disabilities have to post-secondary education, vocational programming, and college programming at IDOC, (5) the post-release economic and employment impact associated with lack of access to education and special education for individuals with disabilities at IDOC, (6) the impact the lack of access to education and special education has on recidivism for individuals with disabilities at IDOC, (7) the lack of oversight by the Illinois State Board of Education (ISBE) of education and special education of individuals with disabilities at IDOC who are eligible for special education, and (8) the ways IDOC and IDJJ can safely provide special education and credit-bearing high school education.

Doc. 20-1 at 30.

Krezmien offers several opinions on these topics and reviewed many different documents in preparation of his opinions, including federal guidance documents, IDOC documents and websites, IDJJ websites, published articles, publicly available GED practice tests, and declarations and files from the Named Plaintiffs. Krezmien also states that he reviewed some

materials from Due Process Hearings held with regards to two of the Named Plaintiffs, Exodus Hebert and Antonio Monroe, (the "Due Process Hearings") including stipulated facts and deposition transcripts.

<strong>LEGAL STANDARD</strong>

Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern the admissibility of expert evidence. *See Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893 (7th Cir. 2011). Rule 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. An expert may ground their opinion in "personal knowledge or experience" rather than pure scientific analysis. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("[T]here are many different kinds of experts, and many different kinds of expertise."). "The Rule 702 inquiry is 'a flexible one,'" and the Seventh Circuit grants "the district court wide latitude in performing its gate-keeping function." *Bielskis*, 663 F.3d at 894 (quoting *Daubert*, 509 U.S. at 594). "Determinations on admissibility should not supplant the adversarial process; 'shaky' expert testimony may be admissible, assailable by its opponents through cross-examination" or the presentation of contrary evidence. *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010) (citation omitted); *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of

proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The party seeking to admit the expert's testimony must show that it satisfies this test by a preponderance of the evidence. *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 782 (7th Cir. 2017).

Simultaneously, "evidentiary rules are relaxed at the preliminary injunction stage, and the Court has substantial discretion to hear and receive evidence intended to 'preserve the relative positions of the parties until a trial on the merits can be held' whether or not that evidence complies with formal rules and procedures." *City of Evanston v. N. Ill. Gas Co.*, 381 F. Supp. 3d 941, 948–49 (N.D. Ill. 2019) (quoting *Kos Pharm., Inc. v. Andrx Corp*., 369 F.3d 700, 718 (3d Cir. 2004)). Further, the Court's ruling on the admissibility of Krezmien's expert opinions at this stage may not reflect how the Court would rule on the admissibility of Krezmien's opinions if the case proceeded to trial. *See id.* at 949.

## ANALYSIS

Defendants argue that the Court should exclude Krezmien's testimony and declaration because (1) it is not reliable, as it employs an unreliable methodology and relies on inadequate evidence; and (2) it is not relevant, as it offers improper legal and factual conclusions. After careful examination of Krezmien's declaration, the Court finds that the issues Defendants raise are appropriate for cross-examination at the preliminary injunction hearing and the wholesale exclusion of Krezmien's declaration and testimony is not necessary at this time.

Defendants do not challenge Krezmien's qualifications. The Court finds that Krezmien is qualified to offer opinions on Defendants' educational programs for young people with disabilities in IDOC custody. Kremein has significant educational credentials and professional experience with regards to both young people and people with disabilities in correctional

4

settings.  Having found him qualified to offer his opinions, the Court turns to Defendants'
challenges to Krezmien's declaration and proposed testimony.

### A.    Reliability

Defendants argue that Krezmien's declaration is not reliable because it contains many
unsupported, conclusory statements and Krezmien did not rely on credible or reliable sources.

Reliability "is primarily a question of the validity of the methodology employed by an
expert, not the quality of the data used in applying the methodology or the conclusions
produced."  *Manpower, Inc. v. Ins. Co. of Pa.*, 732 F.3d 796, 806 (7th Cir. 2013).  "The
soundness of the factual underpinnings of the expert's analysis and the correctness of the
expert's conclusions based on that analysis are factual matters to be determined by the trier of
fact, or, where appropriate, on summary judgment."  *Id.* (quoting *Smith v. Ford Motor Co.*, 215
F.3d 713, 718 (7th Cir. 2000)).  However, the Court still has a duty to ensure an expert supports
his opinions with "sufficient facts or data."  *See id.* at 808 (citation omitted).  There must be "a
connection between the data employed and the opinion offered," and the Court should exclude
an "opinion connected to existing data 'only by the *ipse dixit* of the expert'" under Rule 702.
*Gopalratnam*, 877 F.3d at 781 (quoting *Manpower*, 732 F.3d at 806).

Here, Krezmien bases his opinions on sufficient facts and data, and he does not rely on
*ipse dixit* to support his opinions.  Toward the beginning of his declaration, Krezmien provides a
list of the materials he reviewed in preparing his opinion, which include federal guidance
documents, documents from Defendants, and documents from the Named Plaintiffs.  Further,
through his declaration, Krezmien provides specific references for many sentences in footnotes.
Defendants' arguments that Krezmien over-relies on information from the Named Plaintiffs and
did not request adequate information to form his opinions is not a sufficient basis to exclude his

opinion; instead, Defendants can explore these issues on cross-examination. *See Africano v. Atrium Med. Corp.*, 561 F. Supp. 3d 772, 778 (N.D. Ill. 2021) (rejecting an argument that experts failed to consider certain facts or placed too much emphasis on certain facts over others as that argument goes "to the weight of the expert's opinion, not its admissibility" and explaining the party could raise the issue in cross-examination). That Krezmien's declaration would benefit from more detailed footnotes and descriptions of the materials on which he relied similarly does not pose a reason to exclude his declaration and testimony at this time. *See Godinez v. City of Chicago*, No. 16 CV 7344, 2019 WL 5290901, at *6 (N.D. Ill. Oct. 18, 2019) ("The question of whether the expert is credible or whether his or her theories are correct given the circumstances of a particular case is a factual one that is left for the jury to determine after opposing counsel has been provided the opportunity to cross-examine the expert regarding his conclusions and the facts on which they are based." (quoting *Smith*, 215 F.3d at 719)).

Further, Krezmien's report is not improperly conclusory. In support of their argument that Krezmien's declaration contains improper, unsupported conclusions, Defendants provide a list of sentences from Krezmien's report. Krezmien does not support many of these sentences with footnote citations to specific evidence, rather they appear to be conclusion statements. However, in context, some of these sentences are introductory and Krezmien provides more information to support them in subsequent sentences. Further, Krezmien provides a list at the beginning of his declaration of the materials he reviewed to inform his opinions. Again, these statements raise issues that are ripe for cross-examination, but do not require exclusion. Defendants will have the opportunity to cross-examine Krezmien at the preliminary injunction hearing to attempt to show the Court that Krezmien lacks an adequate basis to offer these opinions. *See Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010) ("Determinations on

admissibility should not supplant the adversarial process; 'shaky' expert testimony may be admissible, assailable by its opponents through cross-examination." (citation omitted)).

Finally, in reply, Defendants point out some seeming contradictions between certain statements in Krezmien's declaration and his factual support, including materials from the Due Process Hearings. The Named Plaintiffs filed a sur-reply brief attempting to explain and reconcile the seeming inconsistencies. This is the exact sort of issue that is appropriate for cross-examination at the preliminary injunction hearing. *See Lapsley v. Xtek, Inc.*, 689 F.3d 802, 817 (7th Cir. 2012) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.") (citation omitted). The Court declines to exclude Krezmien's declaration and testimony on the basis of unreliability.

### B.    Relevance

Next, Defendants argue that Krezmien's declaration and proposed testimony is not relevant because it merely recites the factual record and provides improper legal conclusions.

The Court finds that Krezmien's proposed testimony is relevant as it has the potential to assist the trier of fact determine facts at issue. Krezmien has significant previous experience evaluating and investigating juvenile and special education programs in correctional settings. His declaration does not merely recite the Named Plaintiffs' evidence, as argued by Defendants, rather he offers opinions on the facts he has reviewed based on his professional experience. *See Kumho Tire*, 526 U.S. at 150 (holding that an expert's opinion may be reliably based on their "personal knowledge or experience").

That said, the Court will not consider Krezmien's declaration or permit his testimony to the extent his opinions amount to legal conclusions. "Although experts may provide opinions as

to the ultimate factual issues in a case, they may not testify 'as to legal conclusions that will determine the outcome of the case' under Rule 702." *In re Dealer Mgmt. Sys. Antitrust Litig.*, 581 F. Supp. 3d 1029, 1096–97 (N.D. Ill. 2022) (quoting *Scottsdale Ins. Co. v. City of Waukegan*, 689 F. Supp. 2d 1018, 1022 (N.D. Ill. 2010)).  For the most part, Krezmien's declaration only touches on the applicable legal standards and statutory framework as background to his discussions of what he sees as problems with Defendants' conduct.  This is acceptable factual analysis of issues in the case.  However, at some points in his report, Krezmien appears to veer into offering a legal conclusion on an ultimate question in the case. *See, e.g.*, Doc. 20-1 at 38 ("The IDOC and IDJJ failed to meet the IDEA (2004) requirements to have structures and processes in place for identifying, locating, and evaluating students with disabilities who have a previously identified disability under the IDEA and are in need of special education and related services.").  To the extent that Krezmien does so, the Court will not consider these legal conclusions.  The Named Plaintiffs should ensure that Krezmien does not provide any such legal conclusions during his testimony in this case.  However, the Court denies Defendants' motion to exclude the entirety of Krezmien's declaration and testimony based on these legal conclusions, as they form only a small part of his otherwise acceptable analysis.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to exclude the declaration, opinions, and testimony of Michael P. Krezmien, Ph.D. [73].  However, the Court will not consider any legal conclusions offered by Krezmien in his declaration and bars Krezmien from making any such legal conclusions during his testimony.

Dated: February 18, 2025

SARA L. ELLIS
United States District Judge

8