IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXODUS HEBERT, ANTONIO MONROE, DAMEN GONZALEZ, DELEON MOFFETT, GEORGE GARCIA, JEREMIAH BROWN, ISAIHA HERRING, THAILAN HOPKINS, SHIRICE HENDRIX, DARRION LONGSTREET, ANTWON TOMPKIN, IVAN JOHNSON, KEYSHAWN NICHOLS, JESSE GARZA, NYREE DUGANS, ANTJUAN DAVIS, AMARU EVANS, ROBERT "RAVEN" MELTON, QURAN BROOMFIELD, DASHEEM PICKENS, and DELCHEVA HARRIS, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, ILLINOIS DEPARTMENT OF JUVENILE JUSTICE and ILLINOIS STATE BOARD OF EDUCATION,<br><br>       Defendants. | Case No. 1:24-cv-07950<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge Beth W. Jantz |

**JOINT STATUS REPORT**

  The Parties hereby respectfully submit the following Joint Status Report pursuant to the Court's Minute Order dated June 30, 2025. Dkt. 129.

  1.  On March 21, 2025, the Parties appeared before the Court for an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction. Dkt. 118.

  2.  At the conclusion of the evidentiary presentation on March 21, 2025, the Court requested that the Parties meet and confer to determine whether the Parties could reach an agreement on a stipulated preliminary injunction. *Id.* The court explained that "[i]f the parties

1

cannot come to an agreement, the Court will take the testimony of Defendants' expert and hear arguments at the next hearing on 4/7/2025."

3. As noted in previous Joint Status Reports, the Parties have engaged in multiple discussions regarding modifications to Defendants' Administrative Directives. Dkts. 122, 128. Because those discussions have been productive, the parties jointly have requested additional time to continue them.

4. Most recently, the Parties met and conferred on July 22, 2025, to discuss proposed edits to Defendants' Administrative Directives. At this time, the Parties remain in discussions with respect to two pending issues:

    a. **Entry of a stipulated preliminary injunction.** The Parties have not been able to reach an agreement regarding the entry of a stipulated preliminary injunction. Both Parties acknowledge the progress achieved since the March 21, 2025 hearing through updates to Defendants' Administrative Directives.

        1. Plaintiff's position. Plaintiffs maintain that a stipulated preliminary injunction remains necessary, as several key provisions of the updated administrative directives have yet to be implemented, and given Defendants' longstanding failure to meet their obligations under the Individuals with Disabilities Education Act for nearly two decades. A preliminary injunction is warranted to ensure that the progress achieved thus far by the Parties continues. Indeed, in the Motion for Preliminary Injunction, Plaintiffs requested that Defendants not only develop adequate and effective policies and procedures, but also implement these

2

policies and procedures and report to the Court at regular intervals on the implementation of special education and related services and a high school education. Dkt. 19 at 2. Further, Plaintiffs' understanding is that at the March 21, 2025 hearing, the Court expressed a preference for any agreement reached between the Parties to be in the form of a court order. Dkt. 125 at 218:12-219:5 ("I am much more inclined for the agreement to take the form of a court order than not . . . while I believe that everybody comes at it with good intentions, sometimes things fall through the cracks or sometimes priorities need to change, and without a court order my hands are tied and I can't do anything . . . So that is my preference . . ."). Finally, Plaintiffs maintain that their Motion for Preliminary Injunction is not moot as Defendants have not (and cannot) demonstrate that their non-compliance with the IDEA will not be repeated. *See, e.g.*, *Farnam v. Walker*, 593 F. Supp. 2d 1000, 1011 (C.D. Ill. 2009) ("[v]oluntary cessation of allegedly illegal conduct does not render a case moot unless the defendant can demonstrate that there is no reasonable expectation that the wrong will be repeated.") (quoting *Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 747 (7th Cir. 1999)); *Federal Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) (To show that a case is truly moot, a defendant must prove no reasonable

3

expectation remains that it will return to [its] old ways. That much holds for governmental defendants no less than for private ones.").

2. <u>Defendants' position.</u>  Defendants strongly disagree that a stipulated preliminary injunction, or a preliminary injunction in any form, is appropriate. Defendants have demonstrated that they are committed to addressing Plaintiffs' concerns in good faith, as the progress identified in this Report demonstrates.  But a preliminary injunction is not a tool to "ensure that the progress achieved thus far by the Parties continues," as Plaintiffs submit. Rather, "[a] preliminary injunction is an extraordinary remedy intended to preserve the status quo until the merits of a case may be resolved." *Ind. Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).  Plaintiffs cannot meet the showing to obtain this extraordinary relief.  Indeed, Defendants have moved to dismiss this case in its entirety based on threshold questions including whether this Court has subject matter jurisdiction over Plaintiffs' claims. *See* Dkt. 65.  Defendants' motion to dismiss is fully briefed.  Dkt. 98, Dkt. 116.  To the extent Plaintiffs continue to request a preliminary injunction, they need to identify the specific relief that they are seeking, and the parties and the Court will need to schedule a date to complete the preliminary injunction hearing, including testimony from Defendants' expert witness.

      b. **Duration of a school day.**  The Parties have not been able to come to an agreement with respect to the required minimum duration of a school day. Plaintiffs' position is that the Illinois Department of Juvenile Justice District #428 should be required to provide full five-clock-hour school days. Defendants believe that Plaintiffs' position is based on a misinterpretation of Illinois State Department of Education regulations and that it finds no legal support in the IDEA or the Illinois School Code.  Plaintiffs' position also does not account for the fact that these educational services are not being provided at a school building, but rather in a penological setting.

5. With the exception of the above-identified issues, the Parties have largely reached an agreement on the substance of the amendments to Defendants' Administrative Directives.

Date: July 23, 2025

Respectfully submitted,

*/s/ Johanna Spellman*
Johanna Spellman (ARDC No. 6293851)
  johanna.spellman@lw.com
Terra Reynolds (ARDC No. 6278858)
  terra.reynolds@lw.com
Zeyu Zhao (ARDC No. 6342779)
  richard.zhao@lw.com
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*/s/ Nicki Bazer* (with consent)
Nicki B. Bazer (nbb@franczek.com)
Michael A. Warner, Jr. (maw@franczek.com)
John Swinney (js@franczek.com)
**Franczek P.C.**
300 S. Wacker. St., Suite 3400
Chicago, IL 60606
(312) 986-0300


*Attorneys for Defendants*

Olga Pribyl (ARDC No. 6190672)
  olga@equipforequality.org
Sujatha Jagadeesh Branch (Washington State Bar No. 51827)
  sujatha@equipforequality.org
Rachel Shapiro (ARDC No. 6290735)
  rachel@equipforequality.org
Alexandra Kuske (ARDC No. 6336210)
  alexandra@equipforequality.org
Brianna Hill (ARDC No. 6336043)
  brianna@equipforequality.org
**EQUIP FOR EQUALITY**
20 North Michigan Avenue, Suite 300
Chicago, Illinois 60602
Telephone: (312) 341-0022
Facsimile: (312) 800-0912


*Attorneys for Named Plaintiffs and class members*